**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                         **Plaintiff,**

  vs.                                                       **6:12-CV-325**
                                                                 **(MAD/DEP)**

**JAMES D. MAROTTA,**

                         **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**        **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 24, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1 at 2. Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint and attached exhibits.[1] Defendant is a resident of Montgomery County, New York. *See* Dkt No. 1 at 1. Defendant executed a promissory note on or about September 30, 1991, for a loan in the

---

[1] Defendant has not appeared in this action.

requested amount of $2,625.00 with the New York State Higher Education Services Corporation. *See* Dkt. No. 1-1.  Plaintiff asserts that Defendant owes $2,877.62 of principal and $4,045.64 of capitalized and accrued interest.  *See* Dkt. No. 1 at 2.  Plaintiff further claims the promissory note stipulates an interest rate of 8% *per annum*.  *See* Dkt. No. 1.  The disbursement dates, as noted by the educational institution on the loan application, occurred on October 10, 1991 and December 2, 1991.  *See* Dkt. No. 1-1.  Plaintiff claims that it has demanded payment from Defendant and that Defendant has refused or neglected to pay.

On March 19, 2012, Plaintiff served Defendant with the complaint.  *See* Dkt. No. 3. Plaintiff filed a request for entry of default on April 9, 2012.  *See* Dkt. No. 4.  On April 10, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 6; Fed. R. Civ. P. 55(a).  Subsequently, on April 11, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7.

### III. DISCUSSION

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'"  *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)).  "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'"  *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a).  "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'"  *Id.* (quotation omitted).  "'Notice of the application must be sent to the defaulting

party so that it has an opportunity to show cause why the court should not enter a default judgment."' *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-plead factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden on is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

**B.     Application**

In the present matter, Plaintiff has established through its complaint and attached exhibit that it is entitled to judgment in its favor with respect to liability.  As stated in the Affidavit of Amount Due, Defendant defaulted on his obligation under the promissory note for which a demand for payment of the indebtedness was made and refused.  *See* Dkt. No. 1.  Additionally, by failing to answer Plaintiff's complaint or respond to this motion, Defendant "has effectively

3

conceded" he is subject to the terms of the promissory note, and is liable for monies owed. *See United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012). Finally, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.

Plaintiff, however, has failed to provide the Court with sufficient supporting documentation as to the amount of damages actually owed. It is noted that Plaintiff, in accordance with Local Rule 55.2,[2] submitted an attorney Affidavit of Amount Due, setting forth the principal, the interest owed, and the *per annum* rate of interest.[3] According to Local Rule 55.2, however, the interest rate submitted must be calculated at a *per diem* rate as well as the *per annum* rate. *See* LOCAL RULES N.D.N.Y. 55.2(a). Additionally, the requested loan amount, as listed on the Student Loan Application, is $2,625.00. *See* Dkt. No. 1-1. The current amount of principal due, as listed in the complaint, however, is $2,877.62. *See* Dkt. No. 1 at 2. Plaintiff provides no explanation for the difference in these two figures, and insufficient documentation to support its claim.

---

[2] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must also submit "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of judgment, a per diem rate of interest, and the costs and taxable disbursements claimed." LOCAL RULES N.D.N.Y. 55.2(a). Also in accordance with Local Rule 55.2, Plaintiff has appended an affidavit showing that Defendant is not in the military service, an infant, or incompetent person. *See* Dkt. No. 7, Ex. B; LOCAL RULES N.D.N.Y. 55.2(a)(2).

[3] The Second Circuit has held that allegations in a complaint and the affidavit of plaintiff's counsel, "asserting an amount of damages sustained by plaintiff . . . [are] insufficient evidence upon which to enter the amount of the judgment." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999). "Even when a default judgment is warranted based on a party's failure to defend, the allegation in the complaint with respect to the amount of damages are not deemed true. . . ." *Gragg*, 2009 WL 1140490, at *2 (citing *Credit Lyonnais Sec. (USA)*, 183 F.3d at 154-55).

Finally, Plaintiff asserts that it is entitled to recover from Defendant $25.00 in process server and travel fees for serving Defendant with the summons and complaint, pursuant to 28 U.S.C. § 1921.[4]  *See* Dkt. No. 6 at 3.  Local Rule 54.1 mandates, however, that "[t]he party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks."  LOCAL RULES N.D.N.Y. 54.1(a).  Plaintiff has only submitted an affidavit of service, indicating that the service actually took place, but has failed to submit any form of receipt proving the cost of such service.  As such, Plaintiff is not entitled to recover on this claim.  *See* Dkt. No. 3; *see also United States v. Zdenek*, No. 10-CV-566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (citation omitted).  Plaintiff will be entitled to post-judgment interest under 28 U.S.C. § 1961, in accordance with the current applicable rates, if it is able to supplement its motion to correct the discrepancies discussed.

Based on the foregoing, the Court finds that Plaintiff has failed to meet its burden in establishing that there is a basis for the damages it has claimed.  Accordingly, the Court directs Plaintiff to submit a supplemental memorandum, accompanied by an affidavit and evidence that establishes that it is, in fact, entitled to the damages claimed.[5]

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the

---

[4] 28 U.S.C. § 1921 states that "[t]he United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for . . . [s]erving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding." 28 U.S.C. § 1921(a)(1)(A) (2006).

[5] In order to establish its entitlement to the damages claimed, Plaintiff is directed to submit a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of the loan applied for and actually received. *See United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *1-*2 (E.D.N.Y. July 14, 2011).  Plaintiff is directed to submit this evidence within twenty (20) days of the filing date of this Memorandum-Decision and Order.

reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED as to liability** and **DENIED as to damages**; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence substantiating its claimed damages, as set forth above, within **THIRTY (30) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to comply with the terms of this Memorandum-Decision and Order within **THIRTY (30) DAYS**, the Clerk is directed to return this file to the Court which may issue a *sua sponte* order dismissing this action for failure to prosecute, failure to comply with this Court's Order, and/or failure to comply with the Federal and Local Rules; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested and docket the returned receipt within **THREE (3) DAYS** of its return; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 9, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge