UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           **Plaintiff,**

  vs.                                               6:12-cv-325
                                                          (MAD/DEP)
**JAMES D. MAROTTA,**

                           **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**        **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 24, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1 at 2. On July 9, 2012, the Court entered a decision granting default judgment with respect to liability, but denying the demanded relief with leave to reapply for damages. *See* Dkt. No. 8 at 6. Currently before the Court is Plaintiff's motion for determination of damages. *See* Dkt. No. 9.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint and attached exhibits. Defendant is a resident of Montgomery County, New York. *See* Dkt. No. 1 at 1. Defendant executed a promissory note on or about September 30, 1991, for a loan in the amount

of $2,625.00 with the New York State Higher Education Services Corporation.  *See* Dkt. No. 1-1.  Plaintiff asserts that Defendant owes $2,877.62 of principal and $4,045.64 of capitalized and accrued interest.  *See* Dkt. No 1. at 2.  Plaintiff further claims the promissory note stipulates an interest rate of 8% *per annum*.  *See id*.  The disbursement dates, as noted by the educational institution on the loan application, occurred on October 10, 1991 and December 2, 1991.  *See* Dkt. No. 1-1.  Plaintiff claims that it has demanded payment from Defendant and that Defendant has refused or neglected to pay.

On March 19, 2012, Plaintiff served Defendant with the complaint.  *See* Dkt. No. 3.  Plaintiff filed a request for entry of default on April 9, 2012.  *See* Dkt. No. 4.  On April 10, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 6; Fed. R. Civ. P. 55(a).  On April 11, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7.

On July 9, 2012, this Court entered a decision granting default judgment with respect to liability, but denying the demanded relief with leave to reapply for damages.  *See* Dkt. No. 8 at 6.  The Court found that Plaintiff failed to meet its burden to establish a basis for the damages claimed.  *See id*. at 5.  While Plaintiff did submit an attorney Affidavit of Amount Due, which set forth the principal, interest owed, and *per annum* rate of interest, Plaintiff failed to satisfy Local Rule 55.2, which requires the interest rate submitted to be calculated at a *per diem* rate as well as the *per annum* rate.  *See id*. at 4; *see also* LOCAL RULES N.D.N.Y. 55.2(a).  Additionally, the Court found a discrepancy in the amount of principal Plaintiff claimed was due.  *See* Dkt. No. 8 at 4.  The requested loan amount according to the Student Loan Application is $2,625.00.  *See* Dkt. No. 1-1.  The amount of principal listed in the complaint, however, is $2,877.62.  *See* Dkt. No. 1

2

at 2.  The Court also found that Plaintiff could not recover server and travel fees it incurred for serving Defendant with the summons and complaint without proving that these costs were actually incurred.  *See* Dkt. No. 8 at 5.

In order to establish its entitlement to the damages claimed, Plaintiff was directed to submit a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of loan applied for and actually received within thirty days of the filing of the Memorandum-Decision and Order.  *See id*. at 5, n.5.  On July 11, 2012, Plaintiff filed a motion for entry of damages and provided accompanying proof of service costs and an explanation for the discrepancy in principal amounts.  *See* Dkt. No. 9.  In the motion, Plaintiff explained that previously, a portion of the interest was capitalized, pursuant to 34 C.F.R. § 682.410(b)(4), adding $252.62 to the original principal amount.  *See id*. at ¶ 5.  Plaintiff also contends that a copy of the Certificate of Indebtedness had previously been provided to the Court.  *See id*. at ¶ 4.

### III. DISCUSSION

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability."  *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.,* 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-

defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008). "The burden is on the plaintiff to establish the right to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id*. at 190 (quotation omitted).

In order to establish its entitlement to the damages claimed, Plaintiff was directed to submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." *United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *2 (E.D.N.Y. July 14, 2011). "[A] document containing both the borrower's signature and the amount of the loan applied for and disbursed" may serve as a basis for an award of damages. *See id*. at *3. In addition, damages have been awarded "relying solely on Certificates of Indebtedness." *United States v. Zdenek*, No. 10-CV-5566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011). In light of this authority, Plaintiff was directed to provide a Certificate of Indebtedness, the *per diem* interest rate, proof of actual service costs, as well as an explanation for the discrepancy in the amount of principal contained in the Student Loan Application and the complaint. *See* Dkt. No. 8.

In its motion for entry of damages, Plaintiff claims to have previously provided a Certificate of Indebtedness to the Court, attached as Exhibit "B." *See* Dkt. No. 7 at ¶ 4; Dkt. No. 9 at ¶ 4. However, a Certificate of Indebtedness is not contained anywhere in the docket or attached to any of the pleadings. What Plaintiff described as a "Certificate of Indebtedness" is actually an affidavit prepared by its attorney.[1] As the Court noted in the previous order denying

---

[1] In matters previously before this Court, Plaintiff's counsel has provided a Certificate of Indebtedness which was prepared by a loan analyst from the United States Department of

(continued...)

Plaintiff's motion for entry of damages, "allegations in a complaint and the affidavit of plaintiff's counsel, 'asserting an amount of damages sustained by plaintiff . . . [are] insufficient evidence upon which to enter the amount of judgment.'" *See* Dkt. No. 8 at 4, n.3 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999)). In the order denying Plaintiff's previous motion for entry of default, the Court held that the submitted attorney Affidavit of Amount Due was insufficient supporting documentation as to the amount of damages actually owed. *See* Dkt. No. 8 at 4. The passage of time has not changed this conclusion. Plaintiff's attorney's affidavit is still insufficient supporting documentation and a Certificate of Indebtedness or other competent evidence is required to establish the amount of damages actually owed.

Based on the foregoing, the Court finds that Plaintiff has failed to meet its burden in establishing that there is a basis for the damages it has claimed. Accordingly, the Court directs Plaintiff to submit a Certificate of Indebtedness or other competent evidence establishing that it is, in fact, entitled to the damages claimed within thirty (30) days of the filing of this Memorandum-Decision and Order. If Plaintiff fails to comply as directed in this Memorandum-Decision and Order, this action may be dismissed for Plaintiff's failure to prosecute and its failure to comply with this Court's orders.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

---

[1](...continued)
Education. *See United States v. Smith*, 5:12-cv-00261. This supporting documentation was adequate to support Plaintiff's claims for damages.

5

      **ORDERS** that Plaintiff's motion for determination of damages is **DENIED**; and the Court further

      **ORDERS** that Plaintiff shall submit a Certificate of Indebtedness or other competent evidence establishing that it is, in fact, entitled to the damages claimed within thirty, within **THIRTY (30) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

      **ORDERS** that, if Plaintiff fails to comply with the terms of this Memorandum-Decision and Order within **THIRTY (30) DAYS**, the Court will determine if this action should be dismissed for Plaintiff's failure to prosecute and its failure to comply with this Court's orders; and the Court further

      **ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested and docket the returned receipt within **THREE (3) DAYS** of its return; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge