**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

        **vs.**                                        **6:12-CV-325**
                                                       **(MAD/DEP)**
**JAMES D. MAROTTA,**

                              **Defendant.**

_____

**APPEARANCES:**                       **OF COUNSEL:**

**OVERTON, RUSSEL, DOERR &**           **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On February 24, 2012, Plaintiff United States of America ("Plaintiff") commenced this

action alleging that Defendant James D. Marotta ("Defendant") defaulted on a promissory note.

*See* Dkt. No. 1 at 2.  On July 9, 2012, the Court granted Plaintiff's motion for default judgment

with respect to liability, but denied the demanded relief with leave to reapply for damages.  *See*

Dkt. No. 8 at 6.  On April 26, 2013, the Court entered a decision denying Plaintiff's motion for

determination of damages, with leave to reapply.  *See* Dkt. No. 11.  Currently before the Court is

Plaintiff's second motion for entry of damages.  *See* Dkt. No. 13.

## II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint, the Certificate of

Indebtedness from the United States Department of Education executed on May 2, 2013, and attached exhibits.  Defendant is a resident of Montgomery County, New York.  *See* Dkt. No. 1 at 1.  Defendant executed a promissory note on or about September 30, 1991, for a loan in the amount of $2,625.00 from Key Bank, Albany, New York.  *See* Dkt. No. 13 at 7.  The loan was guaranteed by the New York State Higher Education Services Corporation and reinsured by the United States Department of Education.  *See id.*  The loan was disbursed for $2,625.00 on December 2, 1991, at an interest rate of 8% per annum.  *See id.*  Defendant defaulted on the obligation on April 29, 1994. *See id.*  After the default, the guaranty agency paid $2,877.62 to the holder of the note, and was reimbursed by the Department of Education under the reinsurance agreement.  *See id.*  The guarantor assigned its right and title to the loan to the Department of Education on April 7, 1997.  *See id.*

The Certificate of Indebtedness from the United States Department of Education shows that Defendant owes $2,877.62 in principle and $4,267.37 in interest, with an 8% interest rate accruing at $0.63 per day.  *See id.*

On March 19, 2012, Plaintiff served Defendant with the complaint.  *See* Dkt. No. 3. Plaintiff filed a request for entry of default on April 9, 2012.  *See* Dkt. No. 4.  On April 10, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 6; Fed. R. Civ. P. 55(a).  On April 11, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7.

On July 9, 2012, this Court granted Plaintiff's motion for default judgment with respect to liability, but denied the demanded relief with leave to reapply for damages.  *See* Dkt. No. 8 at 6. The Court found that Plaintiff failed to meet its burden to establish a basis for the damages

claimed.  *See id.* at 5.  While Plaintiff did submit an attorney Affidavit of Amount Due, which set forth the principal, interest owed, and per annum rate of interest, Plaintiff failed to satisfy Local Rule 55.2, which requires the interest rate submitted to be calculated at a per diem rate as well as the per annum rate.  *See id.* at 4; *see also* Local Rules N.D.N.Y. 55.2(a).  Additionally, the Court found a discrepancy in the amount of principal that Plaintiff claimed was due.  *See* Dkt. No. 8 at 4.  The Court also found that Plaintiff could not recover server and travel fees it incurred for serving Defendant with the summons and complaint without proving that these costs were actually incurred.  *See id.* at 5.

In order to establish its entitlement to the damages claimed, Plaintiff was directed to submit a Certificate of Indebtedness, a full promissory note, disbursement history, demand for payment, evidence of the date of default, and evidence of the amount of loan applied for and actually received within thirty days of the filing of the Memorandum–Decision and Order.  *See id.* at 5, n.5.  On July 11, 2012, Plaintiff filed a motion for determination of damages and provided accompanying proof of service costs and an explanation for the discrepancy in principal amounts. *See* Dkt. No. 9.  In the motion, Plaintiff explained that, at one point, a portion of the interest was capitalized, pursuant to 34 C.F.R. § 682.410(b)(4), adding \$252.62 to the original principal amount.  *See id.* at ¶ 5.

On April 26, 2013, this Court entered a decision denying the motion for determination of damages with leave to submit competent evidence establishing damages.  *See* Dkt. No. 11 at 6. The Court again found that Plaintiff had failed meet its burden in establishing that there is a basis for the damages claimed.  *See id.*  On May 3, 2013, Plaintiff filed a second motion for entry of damages and provided a Certificate of Indebtedness from the Department of Education.  *See* Dkt. No. 13 at 7.

### III. DISCUSSION

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish the right to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In order to establish its entitlement to the damages claimed, Plaintiff was twice directed to submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." *United States v. Linn*, No. 10–CV–5289, 2011 WL 2848208, *2 (E.D.N.Y. July 14, 2011) (citation omitted).  "[A] document containing both the borrower's signature and the amount of the loan applied for and disbursed" may serve as a basis for an award of damages. *Id.* at *3.  In addition, damages have been awarded "relying solely on Certificates of Indebtedness." *United States v. Zdenek*, No. 10–CV–5566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011).

Plaintiff has finally provided a Certificate of Indebtedness from the United States Department of Education in support of the damages claimed signed under penalty of perjury by Loan Analyst Alberto Francisco. *See* Dkt. No. 13 at 7. The loan was disbursed on December 2, 1991 in the amount of $2,625.00, at an interest rate of 8% per annum. *See id.* As of May 2, 2013, $4,267.37 in interest had accrued on the loan with interest accruing at a rate of $0.63 per day, with $2,877.62 remaining in principal. *See id.* An additional $74.34 has accrued between the date the Certificate of Indebtedness was executed and the date of this decision.

As stated above, a Certificate of Indebtedness may serve as the basis to justify an award of damages without further evidence. *See Zdenek*, 2011 WL 6754100, at *2. Therefore, Plaintiff has established that it is entitled to judgment in its favor in the amount of $7,219.33.

Plaintiff further asserts it is entitled to recover from Defendant $35.00 in process server and travel fees for serving Defendant with the summons and complaint, pursuant to 28 U.S.C. § 1921. *See* Dkt. No. 13 at 4. Pursuant to the Local Rules, "[t]he party seeking costs shall accompany its request with receipts indicating that the party actually incurred the cost that it seeks." LOCAL RULES N.D.N.Y. 54.1(a). Plaintiff has submitted documentary proof of a cost of $35.00 for the cost of service, in the form of a receipt for such service. *See* Dkt. No. 13 at 8.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

5

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of default judgment is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principle and prejudgment interest of $7,219.33;

(2) post judgment interest accruing at the statutory rates as discussed above; and the Court further

**ORDERS** that costs are awarded in the amount of $35.00; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum–Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: August 27, 2013
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

6